Good morning, everyone. The panel has reported a total of four cases. Two of them are being submitted without argument on the briefs later today, namely, Appeal 3326 from 2008, Miller v. Office of Personnel Management, and Dean v. United States Postal Service, which is last year, Navy v. Floorpro. Ms. Kirchner, good morning to you. Welcome back to our court. Please proceed. May it please the Court, the Armed Services Board of Contract Appeals held that it had jurisdiction over the Contracts Disputes Act because Floorpro, a subcontractor, may directly sue the government as a third-party beneficiary of the contract. Was there a claim here? A legitimate claim? A letter was submitted by Floorpro to the contracting officer. I understand what the facts were, but what I'm asking is about the law. Is Floorpro's letter to the contracting officer a claim within the meaning of the Contracts Disputes Act? No, it is not a claim within the meaning of the Contracts Disputes Act. And isn't that prerequisite to an appeal to a board, a contract board, that there be a denial of a claim? That there be a claim and then a denial of a claim or a deemed denial. Either actual or deemed denial. But if there's no claim, you don't even need to get to whether it was denied or deemed denied. Yes, yes. And that is correct. How did the board miss that? The board missed the fact that there wasn't even a claim. I don't know what more I can say. It was the board's view that a third-party beneficiary is an exception to the requirements of the CDA and that they can proceed under the CDA. Based on what language in the Act? No language in the Act. The Act in every section says contractor. No where does it say subcontractor or surety or any other third party? That is correct and that is part of our argument. But as I understand the government's position, it is that this suit could have been brought under the Tucker Act in the Court of Federal Claims. And if that's so, then a lot of your reliance, some of your reliance at least is on the legislative history, which is Congress didn't want this procedure and they didn't want to let the subcontractors sue, accept this third-party beneficiary. And I don't understand how you can rationalize that if we all agree, including the government, that this claim could have been brought under the Tucker Act in the Court of Federal Claims. Well, we are conceding that Flo Pro is a third-party beneficiary. But if they were, if they were, it's true as Judge Pro suggests, is it not, that you have agreed that the suit would be within the jurisdiction of the Court of Federal Claims? That's where they could have brought the suit, but we believe that on the merits it would have been found not to be. That's not your question. The question is whether the Court of Federal Claims would have had jurisdiction if this very same suit had been brought in the Court of Federal Claims under the Tucker Act. I think the answer is yes, with the qualification. It's pretty clear on the D&H holding, isn't it? Yes, but I want to just make sure. You don't like D&H, right? I mean, is that the reason you're hesitant to embrace it? I mean, that's what, D&H resolves that issue, doesn't it? D&H goes a long way, but there is a distinction that we've pointed out in our brief on the facts of this case, which really goes to the question of the merits, as to whether Flo Pro is a third-party beneficiary of the merits. What we pointed out in this case of the distinction is that in this case on the facts, Flo Pro had completed all of the work under the contract, and that's different from D&H. Okay, but the principle is that if you're a third-party beneficiary, you can sue in the Court of Claims under the Tucker Act, but your view is you cannot sue under the Contract of Speeds Act before the war, right? That is exactly the government's position. Well, I guess, I mean, the reason that's a little odd to me is that the whole main notion for your justification here in attacking what the board did was the government hasn't waived sovereign immunity, and this is, you know, you have to strictly apply it. Congress didn't want you to be able to attack these decisions as a subcontractor. How can we sort of embrace those arguments, given that we all agree that there is a venue for these kinds of things? I mean, you're kind of inherently inconsistent here. No, no, I don't. What we are arguing here is that... You don't understand, or you don't agree? Well, I think it's probably both. What we're contending here is that there are explicit statutory requirements under the CDA that have to be met at every step of the process, that as the Court points out, a claim has to be submitted, and that claim must be submitted by a contractor to the contracting officer, and contractor is defined as an entity who has a contract with the United States government. So there must be privity of contract, and if you don't have that privity of contract, you don't have a contractor under the CDA, then you don't fall within any of the statutory scheme of the CDA, which requires... But the Tucker Act is broader. Yes, the Tucker Act is broader. And why is that? The Tucker Act is broader because it has broader statutory language. It says that a claim can be brought against the United States upon an express or an implied contract with the United States. But it doesn't say contract. Correct. So that's the difference. Correct. But part of your argument for why you ought to adopt your restrictive view of the Contract of Disputes Act is that it clearly, legislative history clearly demonstrates that Congress thought the right way to go as a policy matter is not to allow a contractor, subcontractor, to sue, and all the ramifications of that. Well, it's hard to reconcile that when Congress obviously didn't feel that way because the Court of Claims has jurisdiction over these cases. So the fact that Congress has allowed for subcontractors to be able to sue is a policy matter, right? There were different policies under both statutes. What Congress pointed out under the CDA is that this was a special means for resolving disputes. And that's distinguished from the broader jurisdiction in the Court of Federal Claims and the district court. It enables much bigger, much more complex disputes to be addressed. You agree it's inconsistent. It must be that Congress has the right to be inconsistent any time it wants to be. Well, I don't see that as an inconsistency on the part of Congress. Congress is because the Tucker Act by broader terms allows subcontractors to sue under certain is different. Therefore, the policy has to also be different. The policy justification has to be different. So there is an inconsistency. But there's no reason why in 1978 in passing the contract dispute, Congress had to make it as broad as it had long previously made broad the Tucker Act. I agree with the Court. I think I was quibbling over the use of the term inconsistency. There is a policy inconsistency. But your argument is the language of the statute is so clear, it can't be read any other way. It says contractor in every single provision of the entire act. It does indeed. And as we've pointed out, that even goes to the certification of the claims. And as this Court pointed out in the Turner case, it is the prime contractor that must certify the claim. So it's the prime contractor taking the action at every stage of the process. But what about the circumstance where the prime contractor won't do it because it's to his own detriment to participate? Then the subcontractor has its remedies under the law against the prime contractor. And we point out that Floor Pro had remedies against the prime contractor in this case. Floor Pro... It thought it had a remedy. It was a bilateral modification contract, according to which may be agreed to issue a two-party check that was bringing in Floor Pro. And what kind of contractual status... How does that benefit Floor Pro? That provides an indirect or incidental benefit to Floor Pro. That's a contractual obligation of the Navy, which was breached. It didn't happen, did it? It didn't happen. What happened in this case was the payment arm of the government followed the original contract, which provided for an electronic transfer of the funds. So the funds went electronically right into a bank account. And then we don't know where they went after that. But to answer your question, it would have been a two-party check that Floor Pro would have endorsed, and then the prime contractor also had to endorse. And it was up to the prime contractor to ensure Floor Pro got paid or whatever happened. But under the facts of this case, I think we have to assume that if the two-party check had been cut by the defense finance people, that the prime contractor would not have signed it. It can't be. It has to be. I guess I don't understand. If the two-party check had been cut and had been delivered to both parties, presumably they would have gotten together, both would have signed it, and found some bank to pay the money. And that would have protected Floor Pro because the other party could not have arguably run off with the money without paying what it owed to the subcontractor. Yes. So that was the whole point of the modification, because the government recognized the necessity of doing that in order to counter the subcontractor. In order, it was done through negotiations with the prime contractor, there was an incidental benefit to the subcontractor. When you say incidental, are you now saying they weren't a legitimate third-party beneficiary because it was merely incidental as opposed to presumably an intended benefit? It's our contention that if the merits were reached, but we don't see any need to reach the merits of this case. We're just asking about jurisdiction. For purposes of jurisdiction, are you saying that the Floor Pro company is not a third-party beneficiary under P0001? What we are contending is, I think this is where we started, that even if Floor Pro is a third-party beneficiary, even if, it still is not a contractor under the CDA. Therefore, the Board should have found that there was a lack of jurisdiction. Look, there's no answer to this. If they file the same suit in the Court of Federal Claims, are you going to move to dismiss for lack of jurisdiction or not? Or for statute of limitations. I think that is indeed the first problem, is the statute of limitations that's run at this point. So that would be a jurisdictional requirement. So, if this was filed in the Court of Federal Claims, it would be highly likely that the government would file a motion to dismiss for lack of jurisdiction, based on the statute of limitations. Statute of limitations, I've heard. Did the contractor then just put my own application to the Board and transfer the case to the Court of Federal Claims in order to avoid the statute of limitations? No, under the Contracts Disputes Act addresses that. Transfers can be done by the Court of Federal Claims. The Court of Federal Claims can directly transfer from the Board to the Court, or the other way around. But the Board itself does not have the power of transfer. The Board either decides the case or dismisses for lack of jurisdiction. It's our contention in this case that they should have dismissed for lack of jurisdiction. I did just want to address briefly that we recognize that there are situations where a contractor can be a purchasing agent for the government. In a situation where a contractor is a purchasing agent for the government, and then there is a sub that has a contract with that purchasing agent. In that instance, which is recognized by this Court in Johnson Controls, the subcontractor, under the law of agency, would be in privity with the United States government. And that would be another scenario where there could be jurisdiction under the CDA. But the prime contractor here wasn't acting as a purchasing agent. Right, that's correct. I just wish to point that out because... All right, do you want to save the rest of your time? Yes, Your Honor. Thank you. We have Mr. Del Soro. May it please the Court, James Del Soro for the appellate. It's quite clear under the D&H distribution case that my client is an intended third-party beneficiary. But don't, isn't it also true that D&H doesn't apply here because that involved the Tucker Act and not the CDA? Well, as the Board said in its rulings below, and clearly from the D&H case itself, it doesn't say what the basis for the jurisdiction was or the basis for the Court's ruling. But there's nothing in the record, is there? I mean, I want to go back to part of it that demonstrates that they were alleging this was under the CDA. Yeah, I don't think they alleged either, Your Honor. They just, everyone assumed that there was jurisdiction and there was no discussion whatsoever of whether it was based on Contract Excuse Act and the Tucker Act. In fact, it was the JGB Enterprises case that was the first... Well, if it doesn't discuss either act, then how does it help you? Okay. Under the Tucker Act, I think it's quite clear that my client would have jurisdiction because they're alleging rights under Modification 1, that they have rights that have not been met and they could advance some sort of case for a money claim at the Court of Federal Claims. Under the Contract Disputes Act, the government and you all have stated, well, the word contractor is mentioned repeatedly. Now, if you look at the definition of what a contractor is in the Contract Disputes Act, a contractor is anyone who's a party to a contract who's not the government. Yeah, but the problem for you is LORPRO was not a party to a contract. Once Modification 1 was issued, I would contend that my client does become a party to a contract. It can't be because Modification 1 was worked out between the general contractor and the government, not between LORPRO and the government. And who is a party to a contract? Someone who has rights and obligations under a contract? No, who signs the document. The only people who are contractors are the people who sign the contract that the government proposes. In any case, the Court of Federal Claims is then unclear on this point because, as Jeff Sweeney said in the Nelson construction case, that a third-party beneficiary status exception allows for a claim by an intended third-party beneficiary of a government contract against the government, and I'll emphasize this, as a party to the contract. So the Court of Federal Claims itself was inconsistent. Why do we care about that? That decision isn't on review here. Nothing from the Court of Federal Claims is on review here. The only issue here is whether the board, which is where you did go with your appeal, had jurisdiction or not. The board took jurisdiction because LORPRO had rights and obligations as a contractor under Modification 1, or they were, in essence, an assignee of GM&Ws. Even if you've got some arguable claim in that regard, isn't what colors all of this a sovereign duty question here? I mean, isn't there a requirement of absolute clarity and lack of that duty in respect to the sovereign duty waiver?  And one, I would say that, first of all, the issue of Modification 1 is the government's waiver of sovereign immunities, giving rights to LORPRO. Two, the Court's decision in the D&H is common law interpretation of sovereign immunity, saying that when someone is an intended third-party beneficiary, they then have rights to sue under the contract. So I think that the sovereign immunity issue has been resolved in both of those issues. In any case, the government has never said that the modification was invalid. The contracting office with full authority issued it. They can't say that the contracting office... How does that help you, that the modification was a legitimate amendment to the contract? It's just like the original contract. It was signed by the government and the general contractor, not by LORPRO. So how does it help you? First of all, a party can be... I will take issue with you slightly, Your Honor, that a party can be a party to a contract without signing an agreement. No, I don't understand. So your position is we're not claiming that third-party beneficiaries were saying they were a party? I mean, the Board didn't find that they were a party. The Board's theory was third-party beneficiaries, not parties. So you're asking us to go beyond the part that the Board concluded? No. I'm sorry, I didn't mean to interrupt, Your Honor. I'm not saying that they're not a third-party beneficiary. What I'm saying is what is the effect of having the status of a third-party beneficiary? And the effect is to put them in the place of a party to the contract, that they have rights. Their rights are not limited by GAMW's rights. But a third-party beneficiary, by definition, is not a party to the contract. So when you say you have rights as a third-party beneficiary, well, maybe so, but they're not the rights of the contractor. They're rights that have a different origin. So it doesn't make you the contractor that you may have rights under a contract in the proper form. But under the contract, if we're going to use the language of the Contract Disputes Act... We don't have any choice. We're required to follow the language of the Contract Disputes Act. And I agree with you, Your Honor. And the point is that the Contract Disputes Act defines who a contractor is as anyone who's party to a contract, who's not the government. But somebody isn't party to a contract because they have third-party beneficiary rights. That doesn't make them a party to the contract. It makes them somebody who gets benefits despite not being a party to the contract. And they can sue as a party to the contract if those rights have been violated. Can they sue as a party or as a beneficiary? They're suing as themselves. They're not suing as GAMW because they're a separate entity. They're not a party, but you're saying they have rights to sue under the common law, but not necessarily under these statutes. They have a right to sue based on the terms of the contract. They are a – and I would say that makes them a party to the contract even though they have not signed the contract. Well, we might not agree with you who's a party and who isn't a party. That's fine. As to the question of what happens – well, first of all, is there a claim that you would ask this person? It's really the same analysis. There can't be an appeal to the board because floor pro is not a party to the contract. It's not a contractor. And there can't be a legitimate claim in front of the contracting officer for the very same reason. They're not a contractor, so they can't make a claim. But a claim is a written demand for – By a contractor. By a contractor. That's what the statute says. They're not a contractor. In any case, as to the issue of the statute of limitations, it depends on when the government paid GM and W. I don't know. Well, we don't have any statute of limitations issued before. Well, the question was asked of Ms. Kirschner. I'm just addressing it because it's a six-year statute under the Tucker Act. So, we don't know what that would be because we don't know when the breach of any order – Have you filed a suit in the court of federal claims that we don't know about? No. Because we would be recluded because there was already a safe case pending at the board. So, we couldn't have filed a court of federal claims. Are you asking us if we conclude that there's no jurisdiction in the board to transfer to the court of federal claims? That would certainly be the easiest thing to do, Your Honor. What power do we have to do that? What statute gives us power to transfer a board case to the court of federal claims? I don't know, Your Honor. I haven't looked into that issue. I would assume the court has authority to render orders. It's just a statute that says so. The court has authority as a judicial body. I'm not asking you to transfer. I'm just saying that would be, obviously, easy. Clearly, we would then be filed for the court of federal claims. But, I mean, if you – A telecourt has jurisdiction to transfer a case which has come from the district court to where there wasn't jurisdiction to one where there is. But you haven't looked into whether you have that power. I don't know a case coming from a board of contractors. Are you saying you think that you're within the six years statute of limitations? I have no idea, sir. That's it. My point is we don't know when the government paid GM&W. These are sort of basic facts of our case. I understand that, but the point was that we had our own separate rights to sue. So, in fact, the only thing that we needed to know was that they hadn't paid us. They had an obligation under the modification to pay us, and they didn't. And just to take another stab at the concept of my client having rights under the modification of the claim, as the court pointed out, that – He may have rights in the court of federal claim. He just doesn't have rights in front of the board. Those are rights derived from third-party beneficiary laws, which can't apply at the board. Once again, I believe my client is a party. I'm just not going to get you onto that, sir. But in any case, the Navy agreed to do X. The Navy failed to do X. My client is entitled to sue to have X occur. And we'll just ask you to uphold the end of the court's decision. I agree with that. They could sue, but the client didn't sue. The client filed an appeal from a contracting officer decision. That's not a lawsuit. It's an appeal. But it's a deemed denial. So there's never been a final decision. You didn't file a lawsuit. You filed an appeal in a board. In precise language on my part, sir, my client has the right to claim money from the government. And the government has not. The government agreed to pay money to my client. That all may be true, but the only issue before us is whether the board had jurisdiction. I believe the board did have jurisdiction. The contract disputes act gives them the right to hear appeals from either a contracting officer's final decision or a deemed denial. My client made a demand for payment to the contracting officer. After 60 days, there was no decision. We filed an appeal within 90 days. And the court and the board found that it had jurisdiction. All right. Sir, that's all I have. Thank you. Thank you. The court asked when the payment was made. The record shows on the appendix, page 201, that the payment was made by DFAST on June 17, 2002. With respect to the D&H distributing decision, we have in the appendix, at page 232, the complaint that was filed in D&H distributing. That complaint was only under the Tucker Act. And there is then the subsequent decisions in the court of federal claims that made clear that the D&H distributing case was only- It's right in the complaint, the invocation of Tucker Act jurisdiction. Yes, it's right in the complaint. It's not a mystery after all which of the two statutes was being sued on. Right. It's in our appendix at page 8A, 232. We think that this court should reverse the board based on the reasoning that the court adopted in Johnson Controls. There, the court pointed out that based on the language and the legislative history of the CDA, that there is a requirement for primitive contract. An absent primitive contract, an entity is not a contractor under the CDA and therefore cannot sue. We think that that reasoning is certainly correct and requires a reversal of the board's holding in this case. And Mark, in issuance of that modification, pledging to issue a check payable to both parties does not create privity in your view? No, it does not create privity. The board pointed this out in its decision. All the negotiations were between the prime contractor and the United States government that led to the issuance of the modification. In other words, a third party beneficiary does not have privity of contract. Correct. Correct. It does not have privity of contract. And in this case, that modification was signed by the prime contractor of the United States and there was nothing... I'll just stop there. It did not create privity of contract. Thank you. The case is submitted. Thank you.